**MCFARLIN LLP**
Timothy G. McFarlin (State Bar No. 223378)
Email: tim@mcfarlinlaw.com
4 Park Plaza, Suite 1025
Irvine, California 92614
Telephone: (949) 544-2640
Fax: (949) 336-7612

Attorneys for Plaintiff
VERONICA MATHIAS

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VERONICA MATHIAS, an Individual,<br><br>               Plaintiff,<br><br>               v.<br><br>REDONDO BEACH PROPERTIES INC., a California corporation, and Does 1-100,<br><br>               Defendants. | Case No.: 2:19-cv-10209-TJH-PLA<br><br>**NOTICE OF MOTION AND MOTION FOR ENTRY OF DEFAULT JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF;**<br><br>**DECLARATION OF TIMOTHY G. MCFARLIN IN SUPPORT THEREOF;**<br><br>**DECLARATION OF PLAINTIFF VERONICA MATHIAS IN SUPPORT THEREOF;**<br><br>**AND [PROPOSED] ORDER.**<br><br>Hearing:<br>Date: Monday, March 29, 2021<br>Time: UNDER SUBMISSION<br>Place: U.S. District Court<br>       Courtroom #9B<br>       350 W. 1st Street, 9th Floor<br>       Los Angeles, California 90012<br><br>Date Action Filed: December 2, 2019<br>Trial Date: Not Yet Set. |

- 1 -

1   **TO THE HONORABLE COURT AND ALL PARTIES:**

2          PLEASE TAKE NOTICE THAT ON March 29, 2021, in Courtroom #9B of

3   United States District Court, Central District of California, 350 W. 1st Street, 9th

4   Floor, Los Angeles, California, Plaintiff VERONICA MATHIAS ("Plaintiff"), by

5   way of the undersigned counsel, hereby moves this Court for entry of a default

6   judgment as to Defendant REDONDO BEACH PROPERTIES INC. ("Defendant"),

7   upon the complaint heretofore filed and served upon the Defendant, in accordance

8   with the provisions of Rule 55(b)(2), Federal Rules of Civil Procedure, and in

9   support thereof shows the Court the following:

10  1.     On or around December 2, 2019, Plaintiff filed in the United States District

11  Court, Central District of California, Southern Division, a complaint alleging

12  certain and specific violations of the Americans with Disabilities Act of 1990, 40

13  U.S.C. Section 12101, *et seq*. ("ADA") and for certain and specific violations of the

14  Unruh Civil Rights Act, California Civil Code § 51, et. seq. ("UCRA").  A copy of

15  said Complaint is attached hereto as Exhibit A and is incorporated herein by

16  reference.

17  2.     On or around May 22, 2020 at 6:17 p.m., a copy of said Complaint, along

18  with the Summons, Civil Cover Sheet, Notice to Parties: ADA Disability Access

19  Litigation, and Certification and Notice of Interested Parties was served upon

20  Aaron Kram, an individual authorized to accept service on behalf of Defendant, at

21  22909 De Kalb Drive, Calabasas, CA 91302.  The copy of said documents were

22  subsequently served again by mail on June 3, 2020.  A copy of the Proof of Service

23  filed with the Court on July 27, 2020 and process receipt is attached hereto as

24  Exhibit B and is incorporated herein by reference.

25  3.     On or about August 7, 2020, more than 21 days after the service of the

26  Complaint, Summons, Civil Cover Sheet, Notice to Parties: ADA Disability Access

27  Litigation, and Certification and Notice of Interested Parties was served upon

28  Aaron Kram, an individual authorized to accept service on behalf of Defendant,

- 2 -

Counsel for Plaintiff petitioned the Clerk of this Court for entry of a default judgment against Defendant.  On or about October 2, 2020, Default by Clerk as to Defendant Redondo Beach Properties, Inc. was entered. A copy of the Default by Clerk is attached hereto as Exhibit C and is incorporated herein by reference.  No response to any pleading or non-litigious correspondence has been received by Plaintiff or his counsel.

4.      Defendant has failed to plead or otherwise defend this action, and Plaintiff is entitled to judgment by default against Defendant.

5.      Pursuant to the provisions of Rule 55(b)(2), Federal Rules of Civil Procedure, this Court is empowered to enter a default judgment against Defendant for relief sought by Plaintiff in his Complaint, and written notice of this action has been given to Defendant as set forth in the attached affidavit.

PRAYER

WHEREFORE, Plaintiff prays that this Court enter a judgment of Default against Defendant, and that Defendant be enjoined and retained from the Americans with Disabilities Act of 1990, 42 U.S.C. Section 12101, *et seq*. as provided in the proposed Final Judgment filed concurrently with this motion.

AFFIDAVIT

I, Timothy G. McFarlin, do hereby certify that the statements and allegations set forth in the foregoing motion and the accompanying memorandum are true and accurate to the best of my knowledge and belief.

Respectfully submitted,

DATED: February 26, 2021           MCFARLIN LLP

By:   /s/ Timothy G. McFarlin
_____
Timothy G. McFarlin
Attorneys for Plaintiff
VERONICA MATHIAS

- 3 -

## **TABLE OF CONTENTS**

**MEMORANDUM OF POINTS AND AUTHORITIES**.......................................1

**I.**    **CONCISE FACTUAL STATEMENT**………………… ………………1

**II.**    **ARGUMENT**………………………………………………………..2

**A.**    **The Americans with Disabilities Act**………………………………3

**1.**    **Plaintiff is Disabled**………………………………………………5

**2.**    **The Defendant's Business is a Public Accommodation**……..……………5

**3.**    **The Business Presented Physical Barriers**……………………………...5

**4.**    **Summary**………………………………………………………………7

**III.**    **THE EITEL FACTORS SUPPORT GRANTING SUMMARY**

**JUDGMENT**……………………………………………………………8

**A.**    **Possibility of Prejudice to Plaintiff**……………………………………..8

**B.**    **The Merits of the Plaintiff's Claim and Sufficiency of the Claim**……….9

**C.**    **The Sum of Money at Stake**……………………………………………9

**D.**    **The Possibility of Dispute**………………………………………………9

**E.**    **The Possibility of Excusable Neglect**……………………………....…9

**F.**    **Policy Favoring Decision on the Merits**………………………………10

**IV.**    **REQUEST TO AFFIX ATTORNEY FEES**……………………………..10

**V.**    **CONCLUSION**……………………………………………………11

1

# <u>TABLE OF AUTHORITIES</u>

2
Cases                                                                                                Page

3
Aldabe v. Aldabe,

4
   616 F.2d 1089 (9th Cir. 1980).............................................................................10

5
Blackwells v. Foley,

6
   724 F.Supp.2d 1068 (N.D. Cal. 2010)..............................................................12

7
Chapman v. Pier 1 Imports (U.S.) Inc.,

8
   631 F.3d 939 (9th Cir. 2011)..............................................................................7

9
City of Riverside v. Rivera,

10
   477 U.S. 561 (1986)...........................................................................................12

11
Eitel v. McCool,

12
   782 F.2d 1470 (9th Cir. 1986).....................................................................10, 11

13
Geddes v. United Fin.Group,

14
   559 F.2d 557 (9th Cir. 1977)...............................................................................9

15
Goodwin v. C.N.J., Inc.,

16
   436 F.3d 44 (1dt Cir. 2006)...............................................................................12

17
Independent Living Resources v. Oregon Arena Corp.,

18
   982 F. Supp 698, fn. 1 (D. Ord 1997).................................................................6

19
Johnson v. Guedoir,

20
   218 F. Supp. 3d 1096..........................................................................................5

21
PepsiCo, Inc v. California Sec. Cans,

22
   238 F.Supp. 2d 1172 (C.D. Cal 2002)..............................................................10

23
Roberts v. Royal Atlantic Corp.,

24
   542 F.3d 363 (2nd Cir 2008)...............................................................................6

25
Shanghai Automation Instrument Co., Ltd. v. Kuei,

26
   194 F. Supp. 2d 995 (N.D. Cal. 2001)..............................................................11

27
Vogel v. Rite Aid Corp.,

28
   992 F.Supp.2d 998 (C.D. Cal. 2014)............................................................9, 10

<u>Wilson v. Haria and Gogri Corp.</u>,

   479 F.Supp.2d 1127........................................................................8


Statutes


42 U.S.C. §12102(2).....................................................................3, 7

42 U.S.C. § 12102(a)........................................................................6

42 U.S.C. § 12181............................................................................5

42 U.S.C. § 12181(7)(a)....................................................................7

42 U.S.C. § 12182(a)......................................................................5, 6

42 U.S.C. § 12182(b)(2)(A)(iv).........................................................6

42 U.S.C. § 12183(a)(2)....................................................................8

42 U.S.C. § 12188............................................................................9

42 U.S.C. § 12188(a)........................................................................6

42 U.S.C. § 12205.......................................................................5, 12

Cal. Civ. Code § 51 (f).....................................................................9

California Civil Code § 52..............................................................5, 9

section 55, *et seq*, of the California Civil Code..................................5

§ 51.................................................................................................9

§ 52(a) of the California Civil Code.............................................5, 9, 12


Rules


Fed. R.Civ.Proc. 8(b)(6)...................................................................9

Rule 55 of the Federal Rules of Civil Procedure.................................4

Regulations

28 C.F.R. § 36.211 (a) ................................................................................................8

28 C.F.R. §§ 36.101 .............................................................................................3, 7

### MEMORANDUM OF POINTS AND AUTHORITIES

Plaintiff VERONICA MATHIAS ("Plaintiff") Complaint was filed in federal court on December 2, 2019. The Proof of Service for Defendant REDONDO BEACH PROPERTIES INC. ("Defendant") was filed on July 27, 2020. Defendant never responded to the summons and complaint. A Request for Entry of Default was filed on August 7, 2020. Default was entered by Clerk as to Defendant on October 2, 2020.

## I.    CONCISE FACTUAL STATEMENT

Plaintiff is an adult California resident with disabilities. Plaintiff has a Disabled Person Parking Placard issued to him by the State of California. Plaintiff is substantially limited in performing one or more major life activities, including but not limited to: walking, standing, ambulating and sitting. As a result of these disabilities, Plaintiff relies upon mobility devices to ambulate. With such disabilities, Plaintiff qualifies as a member of a protected class under the Americans with Disabilities Act ("ADA"), 42 U.S.C. §12102(2) and the regulations implementing the ADA set forth at 28 C.F.R. §§ 36.101 et seq. *See* Plaintiff's Complaint ("Complaint") ¶ 1.

Plaintiff went to Defendant's business (the "Business") on or about August 13, 2019, to inquire about registering for a music course. Unfortunately, although parking spaces were one of the facilities reserved for patrons, there were no designated parking spaces available for persons with disabilities that complied with the Americans with Disability Act Accessibility Guidelines ("ADAAG") on August 13, 2019. [Complaint ¶ ¶ 11-14].

Instead of having architectural barrier free facilities for patrons with disabilities, Defendant has: a built-up curb ramp that projects from the sidewalk and into the access aisle (Section 406.5). Furthermore, the curb ramp is in excess of the maximum grade allowed by ADAAG specifications (Section 406.1). Therefore, currently, there is no compliant designated disabled parking serving the Business

- 1 -

which is designed for persons with disabilities. Plaintiff alleges Defendants had no policy or plan in place to make sure that there was a compliant accessible access parking reserved for persons with disabilities prior to August 13, 2019, and that Defendant has no policy or plan in place to make sure that the designated disabled parking for persons with disabilities comport with the ADAAG. [Complaint ¶ ¶ 15-18].

The designated disabled parking spaces for use by persons with disabilities are a tip over, crash, fall hazard or trip hazard because it contains a built-up curb ramp and cross slopes. Plaintiff personally encountered these barriers.  These inaccessible conditions denied the Plaintiff full and equal access and caused her difficulty, humiliation and frustration. [Complaint ¶ ¶ 19-21].

Plaintiff is being deterred from patronizing the Business and its accommodations on particular occasions, but intends to return to the Business for the dual purpose of availing herself of the goods and services offered to the public and to ensure that the Business ceases evading its responsibilities under federal and state law. The Defendant has failed to maintain in working and useable conditions those features required to provide ready access to persons with disabilities. The violations identified above are easily removed without much difficulty or expense. They are the types of barriers identified by the Department of Justice as presumably readily achievable to remove and, in fact, these barriers are readily achievable to remove.  Moreover, there are numerous alternative accommodations that could be made to provide a greater level of access if complete removal were not achievable. [Complaint ¶ ¶ 22-24].

## II.   ARGUMENT

Rule 55 of the Federal Rules of Civil Procedure allows for judgment to be had in a case of this type when the defendant fails to answer the Complaint.  In this case, Defendant REDONDO BEACH PROPERTIES INC. was served with the Summons and Complaint evidenced by the Proof of Service of Summons filed with

- 2 -

this court.   As detailed in the Declaration of Plaintiff's counsel, Defendant REDONDO BEACH PROPERTIES INC are neither infants nor incompetent persons nor in military service or otherwise exempted under the Soldiers' and Sailors' Civil Relief Act of 1940. *See* Declaration of Timothy G. McFarlin ¶ 8.

Defendant REDONDO BEACH PROPERTIES INC. was on notice as to what Plaintiff was seeking as it was served the Complaint which references with specificity in Plaintiff's Prayer for Relief the fact that Plaintiff was seeking:

1.     A preliminary and permanent injunction enjoining Defendant from further violations of the ADA, 42 U.S.C. § 12181 *et seq.*, and UCRA, Civil Code § 51 *et seq.* with respect to its operation of the Business and Property; Note: Plaintiff is not invoking section 55, *et seq*, of the California Civil Code and is not seeking injunctive relief under the Disable Persons Act (Cal. C.C. §54) at all.

2.     An award of actual damages and statutory damages of not less than $4,000 per violation pursuant to § 52(a) of the California Civil Code.

3.     An additional award of $4,000.00 as deterrence damages for each violation pursuant to Johnson v. Guedoir, 218 F. Supp. 3d 1096; 2016 U.S. Dist. LEXIS 150740 (USDC Cal, E.D. 2016);

4.     For reasonable attorneys' fees, litigation expenses, and costs of suit, pursuant to 42 U.S.C. § 12205; California Civil Code § 52.

*See* Complaint and prayer.  The Plaintiff is entitled to the relief that he has prayed for in his Complaint.

## A. The Americans with Disabilities Act

Under Title III of the ADA, the general rule is that: "No individual shall be discriminated against on the basis of a disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantage, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation.' 42 U.S.C. § 12182(a).   The term

- 3 -

"discrimination" is a little misleading:

> Although the term "discrimination" evokes images of active discrimination, e.g., a person is expressly forbidden to enter the premises because of his or her disability, Congress also intended to eliminate more passive forms of discrimination, e.g., a person is physically unable to enter the premises because it lacks a wheel-chair accessible entrance.  H.R.Rep No. 101-485 (II) at 99 (1990), reprinted at 1990 U.S.C.C.A.N.303, 382 (a primary purpose of the ADA is to "bring individuals with disabilities into the economic and social mainstream of American life.)

Independent Living Resources v. Oregon Arena Corp., 982 F. Supp 698, fn. 1 (D. Ord 1997).  The scope of the Act covers not only intentional discrimination, but also the discriminatory effects of "benign neglect, apathy, and indifference." Helen L. v. DiDario, 46 E.3d 325, 335 (3rd Cir 1995) (internal quotations omitted).

To succeed on this Title III, ADA claim, Plaintiff must, "establish that (1) he is disabled within the meaning of the ADA; (2) that the defendant's own, lease, or operate a place of public accommodation; and (3) that the defendants discriminated against the plaintiff within the meaning of the ADA."  Roberts v. Royal Atlantic Corp., 542 F.3d 363, 368 (2nd Cir 2008).  Under Title III of the ADA, one form of discrimination is defined as failure to remove architectural barriers unless they are not readily achievable to remove. 42 U.S.C. § 12182(b)(2)(A)(iv).   Thus, the following is a simplified statement of the elements necessary for the plaintiff to prove discrimination under this section:

1. The plaintiff must be disabled. 42 U.S.C. § 12102(a);

2. Defendant's facility must be a place of "public accommodation" and, therefore, governed by Title III of the ADA. 42 U.S.C. § 12182(a);

3. Defendant's facility must have had unlawful architectural barriers. 42 U.S.C. § 12182(b)(2)(A)(iv).

4. The plaintiff must have encountered the architectural barrier precluding him full and equal access to the facility. 42 U.S.C. § 12188(a).

In this case, Plaintiff's civil rights were violated because Defendant failed to

- 4 -

provide access to the parking lot at 633 N. Pacific Coast Hwy, Redondo Beach, CA 90277.  Plaintiff will discuss each element, seriatim.

### 1. Plaintiff is Disabled.

Plaintiff is an individual with disabilities.  She is an adult California resident. Plaintiff is substantially limited in performing one or more major life activities, including but not limited to: walking, standing, ambulating, sitting, and twisting, turning, and grasping objects.   As a result of these disabilities, Plaintiff relies upon mobility devices to ambulate.  With such disabilities, Plaintiff qualifies as a member of a protected class under the Americans with Disabilities Act ("ADA"), 42 U.S.C. §12102(2) and the regulations implementing the ADA set forth at 28 C.F.R. §§ 36.101 et seq.  At the time of Plaintiff visits to Defendant's facility and prior to instituting this action, Plaintiff suffered from a "qualified disability" under the ADA, including those set forth in this paragraph.  Plaintiff is also the holder of a Disabled Person Parking Placard.

### 2. The Defendant's Business is a Public Accommodation

Defendant's Business is a sales establishment specializing in music and dance training.  A sales establishment is expressly identified as a place of public accommodation and subject to the Title III of the ADA.  See 42 U.S.C. § 12181(7)(a).

### 3. The Business Presented Physical Barriers.

In the present case, the lack of access in and around the parking lot and pathways located on Defendant's property, are barriers to Plaintiff.  Barriers are determined by reference to the American with Disabilities Act Accessibility Guidejlines ("ADAAG"). Chapman v. Pier 1 Imports (U.S.) Inc., 631 F.3d 939, 945 (9th Cir. 2011).

Any business that provides parking spaces must provide accessible parking space.   1991 Standards  § 4.1.2(5). 2010 Standards § 208.   Under the 1991 Standards, parking spaces and access aisles must be level with surface slopes not

- 5 -

exceeding 1:50 (2.0%) in all directions.  1991 Standards § 4.6.2.  Under the 2010 Standards, access aisles shall be at the same level as the parking spaces they serve.  Changes in level are not permitted.  210 Standards § 502.4.  "Access aisles are required to be nearly level in all directions to provide a surface for wheel chair transfer to and from vehicles."  2010 Standards § 502.4 Advisory.  Specifically, built up curb ramps are not permitted to project into access aisles and parking spaces.  *Id.* No more than a 1:48 slope is permitted.  Standards § 502.4.

Plaintiff experienced the following at the Business and Property: there were no designated parking spaces available for persons with disabilities that complied with the ADAAG, instead of having architectural barrier free facilities for patrons with disabilities, Defendant has: a built-up curb ramp that projects from the sidewalk and into the access aisle (Section 406.5).  Furthermore, the curb ramp is in excess of the maximum grade allowed by ADAAG specifications (Section 406.1).  Therefore, currently, there is no compliant designated disabled parking serving the Business which is designed for persons with disabilities.  Defendant has no policy or plan in place to make sure that the designated disabled parking for persons with disabilities comport with the ADAAG. The designated disabled parking spaces for use by persons with disabilities are a tip over, crash, fall hazard or trip hazard because it contains a built-up curb ramp and cross slopes.

A public accommodation must maintain in operable working condition those features of its facilities and equipment that are required to be readily accessible to and usable by persons with disabilities. 28 C.F.R. § 36.211 (a).

A failure to make alterations in such a manner that, to the maximum extent feasible, the altered portions of the facility are readily accessible to and useable by individuals with disabilities, including individuals who use wheelchairs, or to ensure that, to the maximum extent feasible, the path of travel to the altered area are readily accessible to and usable by individuals with disabilities.  42 U.S.C. § 12183(a)(2).

1   Here, the failure to ensure that accessible facilities were available and ready
2   to be used by Plaintiff is a violation of the law.

3   Whether or not the removal of these barriers is "readily achievable" is an
4   affirmative defense that is waived unless raised.  Wilson v. Haria and Gogri Corp.,
5   479 F.Supp.2d 1127, 1133 and fn. 7 (E.D. Cal. 2007) (if a defendant "has failed to
6   plead that barrier removal is not readily achievable in its answer…the defense is
7   waived" and, in such circumstances, the plaintiff need "not come forward with any
8   evidence regarding barrier removal…."). Here, this is not an issue raised in
9   contention. Moreover, the complaint allegation that a defendant failed to meet their
10  barrier allegation is sufficient in a default judgment setting.  Vogel v. Rite Aid
11  Corp., 992 F.Supp.2d 998 (C.D. Cal. 2014) (compiling cases and holding that a
12  defendant cannot meet their burden on the issue where they fail to appear and
13  defend).

14          **4. Summary**

15  Plaintiff is disabled. The Defendant's business has unlawful barriers.  The
16  Defendant has failed to remove those barriers and violated the American with
17  Disabilities Act.  Plaintiff is entitled to an order requiring Defendant to remove
18  those unlawful barriers. *See* 42 U.S.C. § 12188.

19          **B. The Unruh Civil Rights Act.**

20  The Unruh Civil Rights Act provides that "a violation of the right of any individual
21  under the Americans with Disabilities Act 1990 shall also constitute a violation of
22  this section." Cal. Civ. Code § 51 (f).  Under the Unruh Act, a party that
23  discriminates against a plaintiff in violation of Civ. Code § 51 shall be liable for
24  actual damages, up to three times actual damages but "in no case" less that
25  $4,000.00 for each time that he was discriminated against.  Cal. Civ. Code § 52(a).
26  In the present matter, the Plaintiff is asking for once statutory minimum penalty
27  assessments of $4,000.00 pursuant to California Civil Code § 52, and the actual

28

1    attorney fees and costs that he has incurred in the amount of $4,647.00.   *See*
2    Declaration of Timothy G. McFarlin ¶9.

3                            **III. THE EITEL FACTORS SUPPORT**
4                            **GRANTING SUMMARY JUDGMENT**

5        Once a party's default has been entered, the factual allegations of the
6    complaint, except those concerning damages, are deemed to have been admitted by
7    non-responding party.   *See* Fed. R.Civ.Proc. 8(b)(6); *see also, e.g.,* Geddes v.
8    United Fin.Group, 559 F.2d 557, 560 (9th Cir. 1977) (stating the general rule that
9    "upon default [,] the factual allegations of the complaint, except those relating to
10   the amount of damages, will be taken as true').

11       Nonetheless, "[t]he district court's decision whether to enter default
12   judgment is discretionary one."   Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir.
13   1980).

14       The Ninth Circuit has directed that courts consider the following factors in
15   deciding whether to enter default judgment: (1) the possibility of prejudice to
16   plaintiff, (2) the merits of plaintiff's substantive claims; (3) the sufficiency of the
17   complaint, (4) the sum of money at stake in this action; (5) the possibility of a
18   dispute concerning materials facts; (6) whether defendant's default was the product
19   of excusable neglect, and (7) the strong public policy favoring decisions on the
20   merits.   See *Eitel v. McCool,* 782 F.2d 1470, 1471-72 (9th Cir. 1986).   A
21   consideration of these merits favors granting default judgment.

22   **A.  Possibility of Prejudice to Plaintiff**

23       Plaintiff, a disabled person, has alleged that she suffered and continues to
24   suffer discrimination due to the Defendant's failure to comply with the ADA and
25   Unruh.   When a defendant has failed to appear and defend the claims, a plaintiff
26   will be without recourse and suffers prejudice unless the default judgment is
27   entered. Vogel v. Rite Aid Corp., 992 F.Supp.2d 998 (C.D. Cal. 2014) (granting a
28   default judgment for a disabled plaintiff suing under the ADA and Unruh, replying

                                        - 8 -

1    upon this rationale).

2       **B. <u>The Merits of the Plaintiff's Claim and Sufficiency of the Claim.</u>**

3       These two *Eitel* are discussed above under section III of this brief.  Plaintiff

4    has sufficiently stated a meritorious claim.

5       **C. <u>The Sum of Money at Stake.</u>**

6       The fourth *Eitel* factors balances "the amount of money at stake in relation to

7    the seriousness of the [d]efendant's conduct." <u>PepsiCo, Inc v. California Sec. Cans</u>,

8    238 F.Supp. 2d 1172, 1176 (C.D. Cal 2002).   "Default judgment is disfavored

9    where the sum of money at stake is too large or unreasonable in relation to

10   defendant's conduct." *Vogel, supra,* at *8.   Plaintiff seeks a total of $4,647.00.

11   "Courts frequently grant default judgment in Unruh Act and ADA cases and impose

12   similar financial liabilities on the defendant." *Id.* at *9 (finding $13,739.20 was

13   reasonable and collecting other cases where $10,119.70 and $12,000.00 were also

14   reasonable and, in fact, "a relatively small award of damages" in similar ADA

15   cases).

16      **D. <u>The Possibility of Dispute</u>**

17      Where there is properly pled and supported complaint and the defendant has

18   failed to oppose the motion, then "no factual dispute exists that would preclude the

19   entry of default judgment" and these factors "favors the entry of default

20   judgment…." *Id.* at *9.

21      **E. <u>The Possibility of Excusable Neglect.</u>**

22      While there is always a "theoretical possibility" that the Defendant might

23   show up claiming excusable neglect, where the Defendants "were properly served

24   with the Complaint, the notice of entry of default, as well as the papers in support

25   of the instant motion," this factor favors an entry of default judgment.  <u>Shanghai</u>

26   <u>Automation Instrument Co., Ltd. v. Kuei</u>, 194 F. Supp. 2d 995, 1005 (N.D. Cal.

27   2001)

28   ///

**F.** __Policy Favoring Decision on the Merits.__

"Cases should be decided upon their merits whenever reasonable possible." *Eitel*, 782 F.2d at 1472.  The fact that Rule 55(b) exits demonstrates that "this preference, standing along, is not dispositive."  *PepsiCo*, 238 F.Supp.2d at 177 (reasoning that "Defendant's failure to answer Plaintiffs' Complaint makes a decision on the merits impractical, if not impossible").  Given that the Defendant failed to appear and defend, the seventh *Eitel* factor does not preclude the entry of default judgment.

## IV.   REQUEST TO AFFIX ATTORNEY FEES

Plaintiff's rights were violated under Title III of the Americans with Disabilities Act and the Unruh Civil Rights Act.  Under both Title III of the ADA and Unruh Civil Rights Act, a prevailing plaintiff is entitled to an award of reasonable attorney fees.  See 42 U.S.C. § 12205; Cal. Civ. § 52(a).  With these cases, it is inappropriate to use the default fee schedule under Local Rule 55.

First, a cause of action under the Title III of the ADA does not allow for damages.  Goodwin v. C.N.J., Inc.*,* 436 F.3d 44, 50 (1dt Cir. 2006) ("money damages are not an option for private parties suing under Title III of the ADA.")  Thus, a reasonable attorney fee award cannot be calculated in a Title III ADA case by reference to the Local Rule schedule.  Because the sole remedy under the particular case of action is equitable, one cannot calculate the "amount of judgment to arrive at a fee award.  In other words, because the Plaintiff is entitled to injunctive relief under ADA – not damages – the amount of a "reasonable" fee cannot be determined by the schedule.  "Indeed, in lawsuits under the ADA itself (unlike the California Civil Rights statutes), only injunctive relief is available and no damages are available.  ADA Title III damages are always zero; yet Congress specifically offered statutory attorney fees as incentive to encourage attorneys to handle these important cases." Blackwells v. Foley*,* 724 F.Supp.2d 1068, 1077 (N.D. Cal. 2010).

- 10 -

1   Second, it would be inappropriate to use the local rule fee schedule to
2   determine a reasonable fee for pursuing these civil rights claims.  The fee schedule
3   creates a proportionality rule between damage recovery and attorney fee award.
4   This has been expressly rejected by the Supreme Court for use in civil rights cases.
5   See <u>City of Riverside v. Rivera</u>, 477 U.S. 561, 578 (1986) ("A Rule of
6   proportionality would make it difficult, if not impossible, for individuals with
7   meritorious the clients' claims might be, attorneys simply would not take these
8   cases.  This would be contrary to legislative determinations that statutory attorney
9   fees should encourage attorneys to represent disabled persons." *Id*.

10   In sum, it is simply inappropriate to tie the amount of recoverable attorneys'
11   fees to the amount of monetary recovery in these small dollar civil rights cases.
12   Plaintiff requests this Court affix the attorneys' fees.

### V.    CONCLUSION

14   Plaintiff respectfully request this Court grant his application for default
15   judgment and issue the proposed judgment.

16   DATED: February 26, 2021          **MCFARLIN LLP**

18                    By:    /s/ Timothy G. McFarlin
19                           Timothy G. McFarlin
                             Attorneys for Plaintiff
20                           VERONICA MATHIAS

Exhibit A

**MCFARLIN LLP**
Timothy G. McFarlin (State Bar No. 223378)
Email: tim@mcfarlinlaw.com
Jarrod Y. Nakano (State Bar No. 235548)
Email: jarrod@mcfarlinlaw.com
4 Park Plaza, Suite 1025
Irvine, California 92614
Telephone: (949) 544-2640
Fax: (949) 336-7612

Attorneys for Plaintiff
VERONICA MATHIAS

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VERONICA MATHIAS, an Individual, <br><br> Plaintiff, <br><br> v. <br><br> REDONDO BEACH PROPERITES, INC., a California corporation; and DOES 1-100, <br><br> Defendant. | Case No.: <br><br> **COMPLAINT FOR:** <br><br> 1. **VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT OF 1990, 42 U.S.C. §12181, ET SEQ.; AND** <br><br> 2. **VIOLATIONS OF THE UNRUH CIVIL RIGHTS ACT, CALIFORNIA CIVIL CODE § 51, ET SEQ.** |

-1-

1       Comes now Plaintiff VERONICA MATHIAS ("Plaintiff"), who complains

2   and alleges of Defendant REDONDO BEACH PROPERTIES, INC. ("Defendant")

3   as follows:

**PARTIES**

4

5   1.    Plaintiff is an adult California resident.  Plaintiff has a Disabled Person

6   Parking Placard issued to her by the State of California.  Plaintiff is substantially

7   limited in performing one or more major life activities, including but not limited to:

8   walking, standing, ambulating and sitting. As a result of these disabilities, Plaintiff

9   relies upon mobility devices to ambulate. With such disabilities, Plaintiff qualifies

10  as a member of a protected class under the Americans with Disabilities Act

11  ("ADA"), 42 U.S.C. §12102(2) and the regulations implementing the ADA set

12  forth at 28 C.F.R. §§ 36.101, *et seq.*

13  2.    Plaintiff brings this action acting as a "private attorney general" as permitted

14  under the American with Disabilities Act of 1990 ("ADA") to privatize

15  enforcement of the ADA without the American tax payer(s) bearing the financial

16  tax burden for such action.

17  3.    Plaintiff is informed and believes and thereon alleges that Defendant,

18  conducts and operates its business at the property located at 633 N. Pacific Coast

19  Hwy, Redondo Beach, CA 90277 ("Property").  Defendant operates a "Redondo

20  School of Dance and Music" ("Business"), which is a facility open to the public, a

21  place of public accommodation, and a business establishment

22  4.    Plaintiff is informed and believes and thereon alleges that Defendant

23  REDONDO BEACH PROPERITES, INC., is the owner of the subject Property.

24  5.    Plaintiff does not know the true names of Defendant, their business

25  capacities, their ownership connection to the subject property and business, or their

26  relative responsibilities in causing the access violations herein complained of, and

27  alleges a joint venture and common enterprise by all such Defendant.  Plaintiff is

28  informed and believes that the Defendant herein, including Does 1 through 100,

inclusive, is responsible in some capacity for the events herein alleged, or is a
necessary party for obtaining appropriate relief. Plaintiff will seek leave to amend
when the true names, capacities, connections, and responsibilities of the Defendant
and Does 1 through 100, inclusive, are ascertained.

## JURSIDICTION AND VENUE

6.     This Court has subject matter jurisdiction over this action pursuant to 28
U.S.C. §§ 1331 and 1343(a)(3-4) for violations of the Americans with
Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq.* ("ADA").

7.     This court has supplemental jurisdiction over Plaintiff's non-federal claims
pursuant to 28 U.S.C. § 1367, because Plaintiff's Unruh Civil Rights Act
("UCRA") claims are so related to Plaintiff's federal ADA claims in that they have
the same nucleus of operative facts and arising out of the same transactions, they
form part of the same case or controversy under Article III of the United States
Constitution.

8.     Venue is proper in this court pursuant to 28 U.S.C. §1391 because the real
property which is the subject of this action is located in this district and because
Plaintiff's causes of action arose in this district.

## GENERAL ALLEGATIONS

9.     Plaintiff went to the Business on or about August 13, 2019 to inquire about
registering in a music course.

10.     Parking spaces are one of the facilities, privileges and advantages reserved by
Defendant to persons at the property serving the Business.

11.     Unfortunately, although parking spaces were one of the facilities reserved for
patrons, there were no designated parking spaces available for persons with
disabilities that complied with the Americans with Disability Act Accessibility
Guidelines ("ADAAG") on or about August 13, 2019. At that time, Plaintiff
experienced extreme difficulty availing herself to the Business accommodations.

12.     Instead of having architectural barrier free facilities for patrons with

- 3 -

disabilities, Defendant has: a built-up curb ramp that projects from the sidewalk and into the disabled parking area (Section 406.5). Furthermore, the curb ramp is in excess of the maximum grade allowed by ADAAG specifications (Section 502.4); a built-up curb ramp that projects from the sidewalk and into the access aisle (Section 406.5). Furthermore, the curb ramp is in excess of the maximum grade allowed by ADAAG specifications (Section 406.1).

13.     Subject to the reservation of rights to assert further violations of law after a site inspection found *infra*, Plaintiff asserts there are additional ADA violations which affect her personally.

14.     Plaintiff is informed and believes and thereon alleges Defendant has no policy or plan in place to make sure that there was a compliant accessible access parking reserved for persons with disabilities prior to August 13, 2019.

15.     Plaintiff is informed and believes and thereon alleges Defendant has no policy or plan in place to make sure that the designated disabled parking for persons with disabilities comport with the ADAAG.

16.     The designated disabled parking spaces for use by persons with disabilities are a tip over, crash, fall hazard or trip hazard because it contains a built-up curb ramp and cross slopes.

17.     Plaintiff personally encountered these barriers. These inaccessible conditions denied the Plaintiff full and equal access and caused her difficulty, humiliation and frustration.

18.     As an individual with a mobility disability who at times is dependent upon a wheelchair or other mobility device, Plaintiff has a keen interest in whether public accommodations have architectural barriers that impede full accessibility to those accommodations by individuals with mobility impairments.

19.     Plaintiff is being deterred from patronizing the Business and its accommodations on particular occasions, but intends to return to the Business for the dual purpose of availing herself of the goods and services offered to the public

- 4 -

1   and to ensure that the Business ceases evading its responsibilities under federal and
2   state law.

3   20.    The Defendant has failed to maintain in working and useable conditions
4   those features required to provide ready access to persons with disabilities.

5   21.    The violations identified above are easily removed without much difficulty or
6   expense.  They are the types of barriers identified by the Department of Justice as
7   presumably readily achievable to remove and, in fact, these barriers are readily
8   achievable to remove.  Moreover, there are numerous alternative accommodations
9   that could be made to provide a greater level of access if complete removal were
10  not achievable.

11  22.    Given the obvious and blatant violation alleged hereinabove, Plaintiff
12  alleges, on information and belief, that there are other violations and barriers in the
13  site that relate to his disability.  Plaintiff will amend the complaint, to provide
14  proper notice regarding the scope of this lawsuit, once he conducts a site inspection.
15  However, please be on notice that the Plaintiff seeks to have all barriers related to
16  his disability remedied.  *See* Doran v. 7-11, 524 F.3d 1034 (9th Cir. 2008) (holding
17  that once a plaintiff encounters one barrier at a site, the plaintiff can sue to have all
18  barriers that relate to his disability removed regardless of whether she personally
19  encountered them).

20  23.    Given the obvious and blatant violation alleged hereinabove, Plaintiff
21  alleges, on information and belief, that the failure to remove these barriers was
22  intentional because: (1)  these particular barriers are intuitive and obvious; (2) the
23  Defendant exercised control and dominion over the conditions at this location prior
24  to August 13, 2019, (3) the lack of accessible facilities was not an  accident because
25  had the Defendant intended any other configuration, they had the means and ability
26  to make the change.

27  24.    Without injunctive relief, Plaintiff will continue to be unable to fully access
28  Defendant's facilities in violation of Plaintiff's rights under the ADA.

- 5 -

**FIRST CAUSE OF ACTION**

**(Violations of the Americans With Disabilities Act Of 1990, 42 U.S.C. § 12181,**

***et seq.* Against Defendant)**

25.    Plaintiff incorporates by reference, as though fully set forth, paragraphs 1 through 24 of this Complaint.

26.    Under the ADA, it is an act of discrimination to fail to ensure that the privileges, advantages, accommodations, facilities, goods, and services of any place of public accommodation are offered on a full and equal basis by anyone who owns, leases, or operates a place of public accommodation.  See 42 U.S.C. § 12182(a). Discrimination is defined, inter alia, as follows.

    a.  A failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford goods, services, facilities, privileges, advantages, or accommodations to individuals   with disabilities, unless the accommodation would work a fundamental alteration of those services and facilities. 42 U.S.C. § 12182(b)(2)(A)(ii).

    b.  A failure to remove architectural barriers where such removal is readily achievable.  42 U.S.C. § 12182(b)(2)(A)(iv).  Barriers are defined by reference to the ADAAG, found at 28 C.F.R., Part 36, Appendix "D".

    c.  A failure to make alterations in such a manner that, to the maximum extent feasible, the altered portions of the facility are readily accessible to and usable by individuals with disabilities, including individuals who use wheelchairs, or to ensure that, to the maximum extent feasible, the path of travel to the altered area and the bathrooms, telephones, and drinking fountains serving the area, are readily accessible to and usable by individuals with disabilities.  42 U.S.C. § 12183(a)(2).

27. Any business that provides parking spaces must provide accessible parking spaces. 1991 Standards § 4.1.2(5). 2010 Standards § 208. Under the 1991 Standards, parking spaces and access aisles must be level with surface slopes not exceeding 1:50 (2.0%) in all directions. 1991 Standards § 4.6.2. Under the 2010 Standards, access aisles shall be at the same level as the parking spaces they serve. Changes in level are not permitted. 2010 Standards § 502.4. "Access aisles are required to be nearly level in all directions to provide a surface for wheelchair transfer to and from vehicles." 2010 Standards § 502.4 Advisory. Here the failure to provide a level access aisle in the designated disabled parking space is a violation of the law and excess slope angle in the access pathway is a violation of the law.

28. A public accommodation must maintain in operable working condition those features of its facilities and equipment that are required to be readily accessible to and usable by persons with disabilities. 28 C.F.R. § 36.211(a).

29. Here, the failure to ensure that accessible facilities were available and ready to be used by Plaintiff is a violation of law.

30. Given its location and options, Plaintiff will continue to desire to patronize the Business but she has been and will continue to be discriminated against due to lack of accessible facilities and, therefore, seeks injunctive relief to remove the barriers.

## SECOND CAUSE OF ACTION

### (Violation of the UCRA, California *Civil Code* § 51, *et seq.*

### Against Defendant)

31. Plaintiff incorporates by reference, as though fully set forth, paragraphs 1 through 30 of this Complaint.

32. California *Civil Code* section 51, *et seq.* guarantees equal access for people with disabilities to the accommodations, advantages, facilities, privileges, and

- 7 -

services of all business establishments of any kind whatsoever. Defendant is systematically violating the UCRA, *Civil Code* section 51, *et seq.*

33. Because Defendant violated Plaintiff's rights under the ADA, they also violated the UCRA and are liable for damages. CAL. CIV. CODE §§ 51(f) and 52(a). These violations are ongoing.

34. Plaintiff is informed and believes and thereon alleges that Defendant's actions constitute intentional discrimination against Plaintiff on the basis of a disability, in violation of the UCRA, *Civil Code* section 51, *et seq.*, because Defendant has been previously put on actual or constructive notice that the Business is inaccessible to Plaintiff. Despite this knowledge, Defendant maintains their premises in an inaccessible form, and Defendant has failed to take actions to correct these barriers.

## PRAYER

WHEREFORE, Plaintiff prays that this court award damages provide relief as follows:

1. A preliminary and permanent injunction enjoining Defendant from further violations of the ADA, 42 U.S.C. § 12181 *et seq.*, and UCRA, Civil Code § 51 *et seq.* with respect to its operation of the Business and Property.

2. An award of actual damages and statutory damages of not less than $4,000 per violation pursuant to § 52(a) of the California *Civil Code*.

3. An additional award of $4,000.00 as deterrence damages for each violation pursuant to <u>Johnson v. Guedoir</u>, 218 F.Supp.3d 1096; 2016 U.S. Dist. LEXIS 150740 (USDC Cal, E.D. 2016).

4. For reasonable attorneys' fees, litigation expenses, and costs of suit, pursuant to 42 U.S.C. § 12205; California *Civil Code* § 52.

## DEMAND FOR JURY TRIAL

Plaintiff VERONICA MATHIAS hereby respectfully requests a trial by jury on all appropriate issues raised in this Complaint.

- 8 -

1

2   DATED: December 2, 2019           **MCFARLIN LLP**

3

4                          By:   /s/ Jarrod Y. Nakano

5                              _____

6                            Jarrod Y. Nakano

7                            Attorneys for Plaintiff
VERONICA MATHIAS

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT

Exhibit B

**MCFARLIN LLP**
Timothy G. McFarlin (State Bar No. 223378)
Email: tim@mcfarlinlaw.com
Jarrod Y. Nakano (State Bar No. 235548)
Email: jarrod@mcfarlinlaw.com
4 Park Plaza, Suite 1025
Irvine, California 92614
Telephone: (949) 544-2640
Fax: (949) 336-7612

Attorneys for Plaintiff
VERONICA MATHIAS

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VERONICA MATHIAS, an Individual,<br><br>         Plaintiff,<br><br>         v.<br><br>REDONDO BEACH PROPERTIES INC., a California corporation; and DOES 1-10,<br><br>         Defendant. | Case No.: 2:19-cv-10209-TJH-PLA<br><br>Judge: Hon. Terry J. Hatter<br>Department: 9B<br><br><br>**PROOF OF SERVICE OF SUMMONS, COMPLAINT, CIVIL CASE COVER SHEET, CERTIFICATION AND NOTICE OF INTERESTED PARTIES.**<br><br><br><br><br><br><br><br><br><br>Date Action Filed: December 2, 2019<br>Trial Date: None Yet Set |

- 1 -

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| JARROD Y. NAKANO<br>MCFARLIN LLP<br>4 PARK PLAZA Suite 1025  IRVINE, CA 92614<br><br>TELEPHONE NO.: (949) 544-2640 | FAX NO. (949) 336-7612 | E-MAIL ADDRESS *(Optional):* christopher@mcfarlinlaw.com<br>ATTORNEY FOR *(Name):* Plaintiff: | |

| UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION | |
|---|---|
| STREET ADDRESS: 350 W 1ST STREET, STE 4311<br>MAILING ADDRESS:<br>CITY AND ZIP CODE: LOS ANGELES, CA 90012<br>BRANCH NAME: CENTRAL DISTRICT WESTERN DIVISION | |

| PLAINTIFF: VERONICA MATHIAS, AN INDIVIDUAL | CASE NUMBER: |
|---|---|
| DEFENDANT: REDONDO BEACH PROPERTIES, INC., A CALIFORNIA CORPORATION | 2:19-C-10209-TJH-PLA |

| PROOF OF SERVICE OF SUMMONS | Ref. No. or File No.: |
|---|---|

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.
2. I served copies of:

   a. ☑ Summons
   b. ☑ Complaint
   c. ☐ Alternative Dispute Resolution (ADR) package
   d. ☑ Civil Case Cover Sheet *(served in complex cases only)*
   e. ☐ Cross-complaint
   f. ☑ other  CERTIFICATION AND NOTICE OF INTERESTED PARTIES

3. a. Party served *(specify name of party as shown on documents served):*
   **REDONDO BEACH PROPERTIES, INC., A CALIFORNIA CORPORATION**

   b. ☑ Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*
   **JULIE ROSS - AGENT**

4. Address where the party was served: **22909 De Kalb Dr**
   **Calabasas, CA 91302-1806**

5. I served the party

   a. ☐ **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date):*     (2) at *(time):*

   b. ☑ **by substituted service.** On *(date):* 5/22/2020 at *(time):* 6:17 PM I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3b):*
   **AARON KRAM  - MANAGER**

   | Age: 32 | Weight: 170 | Hair: BROWN | Sex: Male |
   |---|---|---|---|
   | Height: 5'9 | Eyes: BLUE | Race: CAUCASIAN | |

   (1) ☑ **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him of the general nature of the papers.

   (2) ☐ **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

   (3) ☐ **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him of her of the general nature of the papers.

   (4) ☑ I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the documents were left (Code Civ. Proc., §415.20). I mailed the documents on
   *(date):*     from *(city):*     or ☑ a declaration of mailing is attached.

   (5) ☐ I attach a **declaration of diligence** stating actions taken first to attempt personal service.

| Form Approved for Mandatory Use<br>Judicial Council of California<br>POS-010 (Rev. January 1, 2007) | **PROOF OF SERVICE OF SUMMONS** | Code of Civil Procedure, § 417.10<br>POS010-1/151961B |
|---|---|---|

PETITIONER: VERONICA MATHIAS, AN INDIVIDUAL

RESPONDENT: REDONDO BEACH PROPERTIES, INC., A CALIFORNIA CORPORATION

CASE NUMBER:
2:19-C-10209-TJH-PLA

c. ☐ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

(1) on *(date)*:
(2) from *(city)*:
(3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed* Notice and Acknowledgement of Receipt.) *(Code Civ. Proc., § 415.30.)*
(4) ☐ to an address outside California with return receipt requested. *(Code Civ. Proc., § 415.40.)*

d. ☐ **by other means** *(specify means of service and authorizing code section)*:

☐ Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:
a. ☐ as an individual defendant.
b. ☐ as the person sued under the fictitious name of *(specify)*:
c. ☐ as occupant.
d. ☑ On behalf of *(specify)*: **REDONDO BEACH PROPERTIES, INC., A CALIFORNIA CORPORATION**
under the following Code of Civil Procedure section:

☑ 416.10 (corporation)
☐ 416.20 (defunct corporation)
☐ 416.30 (joint stock company/association)
☐ 416.40 (association or partnership)
☐ 416.50 (public entity)

☐ 415.95 (business organization, form unknown)
☐ 416.60 (minor)
☐ 416.70 (ward or conservatee)
☐ 416.90 (authorized person)
☐ 415.46 (occupant)
☐ other:

7. **Person who served papers**
a. Name: **RUDY DIAZ - JPL PROCESS SERVICE, LLC**
b. Address: **14482 BEACH BLVD. STE S  WESTMINSTER, CA 92683**
c. Telephone number: **(866) 754-0520**
d. The fee for service was: **$ 99.00**
e. I am:
(1) ☐ not a registered California process server.
(2) ☐ exempt from registration under Business and Professions Code section 22350(b).
(3) ☑ registered California process server:
(i) ☐ owner ☐ employee ☑ independent contractor.
(ii) Registration No.: **2018207657**
(iii) County: **LOS ANGELES**

8. ☑ I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.
or
9. ☐ I am a California sheriff or marshal and I certify that the foregoing is true and correct.

Date: **6/3/2020**

**JPL PROCESS SERVICE, LLC**
**14482 BEACH BLVD. STE S**
**WESTMINSTER, CA 92683  | (866) 754-0520**

_____
**RUDY DIAZ**
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)

► _____
(SIGNATURE)

POS-010 [Rev January 1, 2007]  **PROOF OF SERVICE OF SUMMONS**  POS-010/151961B

| Attorney or Party without Attorney | | | | | FOR COURT USE ONLY |
|---|---|---|---|---|---|
| JARROD Y. NAKANO<br>MCFARLIN LLP<br>4 PARK PLAZA Suite 1025<br>IRVINE, CA 92614<br>*TELEPHONE No.* (949) 544-2640 | | *E-MAIL ADDRESS (Optional):* christopher@mcfarlinlaw.com<br>*FAX No. (Optional):* (949) 336-7612 | | | |
| *Attorney for:* Plaintiff | | | | | |
| | | | *Ref No. or File No.:* | | |

| | | |
|---|---|---|
| *Insert name of Court, and Judicial District and Branch Court:*<br>UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION - CENTRAL DISTRICT | | |
| *Plaintiff:* VERONICA MATHIAS, AN INDIVIDUAL | | |
| *Defendant:* REDONDO BEACH PROPERTIES, INC., A CALIFORNIA CORPORATION | | |

| PROOF OF SERVICE<br>BY MAIL | HEARING DATE: | TIME: | DEPT.: | CASE NUMBER:<br>2:19-C-10209-TJH-PLA |
|---|---|---|---|---|

1. I am over the age of 18 and not a party to this action. I am employed in the county where the mailing occured.

2. I served copies of the Summons; Complaint; Civil Case Cover Sheet (served in complex cases only); CERTIFICATION AND NOTICE OF INTERESTED PARTIES;

3. By placing a true copy thereof enclosed in a sealed envelope, with First Class postage thereon fully prepaid, in the United States Mail at WESTMINSTER, CA, California, addressed as follows:

   a. Date of Mailing:       6/3/2020<br>
   b. Place of Mailing:     WESTMINSTER, CA,<br>
   c. Addressed as follows:  REDONDO BEACH PROPERTIES, INC., A CALIFORNIA CORPORATION<br>
                               22909 De Kalb Dr<br>
                               Calabasas, CA 91302-1806

I am readily familiar with the firm's practice for collection and processing of documents for mailing. Under that practice, it would be deposited within the United States Postal Service, on that same day, with postage thereon fully prepaid at WESTMINSTER, CA, California in the ordinary course of business.

Fee for Service: $ 99.00<br>
    JPL PROCESS SERVICE, LLC<br>
    14482 BEACH BLVD. STE S<br>
    WESTMINSTER, CA 92683<br>
    (866) 754-0520

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed on 6/3/2020.

Signature: _____

JEFF LANCASTER

## PROOF OF SERVICE BY MAIL

Order#: 151961B/mailproo

Exhibit C

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

VERONICA MATHIAS

PLAINTIFF(S)

v.

REDONDO BEACH PROPERITES, INC., et al.

DEFENDANT(S).

CASE NUMBER:

2:19−cv−10209−TJH−PLA

**DEFAULT BY CLERK**
**F.R.Civ.P. 55(a)**

It appearing from the records in the above−entitled action that summons has been served upon the defendant(s) named below, and it further appearing from the affidavit of counsel for Plaintiff, and other evidence as required by F.R.Civ.P. 55(a), that each of the below defendants have failed to plead or otherwise defend in said action as directed in said Summons and as provided in the Federal Rules of Civil Procedure:

Now, therefore, on request of counsel, the DEFAULT of each of the following named defendant(s) is hereby entered:

Redondo Beach Properites, Inc., a California Corporation

Clerk, U.S. District Court

 October 2, 2020 

Date

By  /s/ Sharon Hall−Brown  

Deputy Clerk

CV−37 (10/01)                **DEFAULT BY CLERK F.R.Civ.P. 55(a)**