1
2
3
4
5
6
7
8
9
10
11

# United States District Court
# Central District of California
# Western Division

12  VERONICA MATHIAS,                          CV 19-10209 TJH (PLAx)

13          Plaintiff,

14      v.
                                             Order
15  REDONDO BEACH PROPERTIES, INC.,          [19]

16          Defendant.

17

18      The Court has considered Plaintiff Veronica Mathias's motion for default

19  judgment, together with the moving papers.

20      On December 2, 2019, Mathias filed this action against Defendant Redondo

21  Beach Properties, Inc. ["Redondo Beach Properties"], alleging claims under the

22  Americans with Disabilities Act, 40 U.S.C. §§ 1201, *et seq.* ["ADA"], and the Unruh

23  Civil Rights Act, Cal. Civ. Code § 51, *et seq.* ["Unruh"].

24      The following facts are as alleged in complaint.  Mathias, an individual who

25  relies on a mobility device, attempted to patronize the Redondo School of Dance and

26  Music ["the School"], a facility open to the public operated by Redondo Beach

27  Properties.  Mathias was deterred from patronizing the School because, although

28  Redondo Beach Properties reserved parking spaces for its patrons, Redondo Beach

Properties failed to provide ADA complaint parking spaces. Redondo Beach Properties, also, has a built-up curb ramp that projects from the sidewalk and into the disabled parking. These barriers were readily removable to accommodate individuals with disabilities.

On October 2, 2020, because Redondo Beach Properties failed to file an answer, the Clerk of Court entered its default.

Mathias, now, moves for default judgment.

When considering a motion for default judgment, the Court must consider the following factors: (1) The possibility of prejudice to Mathias; (2) The merits of Mathias's substantive claims; (3) The sufficiency of the complaint; (4) The sum of money at stake in the action; (5) The possibility of a dispute concerning material facts; (6) Whether the default was due to excusable neglect; and (7) A strong policy of favoring a decisions on the merits. *See Eitel v. McCool*, 782 F.2d 1470, 1471-1472 (9th Cir. 1986).

With regard to the second and third *Eitel* factors, default judgment is appropriate only if Mathias can establish a *prima facie* case for her claims. *See Danning v. Lavine*, 572 F.2d 1386, 1388 (9th Cir. 1978). The Court must accept as true the factual allegations in the complaint as they relate to liability. *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987). However, the Court need not accept as true those allegations that are not well-pled or are conclusions of law. *See DIRECTV, Inc. v. Hoa Huynh*, 503 F.3d 847, 854 (9th Cir. 2007). If facts necessary to establish a legally sufficient claim are not alleged in the complaint, the plaintiff must provide evidence to support each element of each unestablished claim before the Court may grant default judgment as to that claim. *See Cripps v. Life Ins. Co. Of North America*, 980 F.2d 1261, 1267 (9th Cir. 1992).

Here, the unverified complaint is vague and conclusory, and fails to allege well-pled facts as to the alleged ADA violations. *See DIRECTV*, 503 F.3d at 854. The complaint lacks a factual basis as to how the ADA was, allegedly, violated. For

example, Mathias merely concludes that Redondo Beach Properties failed to provide ADA compliant parking spots without explaining why the parking spots were non-compliant.    Accordingly, the Court cannot accept the allegations as true.    *See DIRECTV*, 503 F.3d at 854.

Further, in a declaration filed in support of her motion, Mathias stated that "currently, there *are* compliant designated disabled parking spaces serving" the School. The allegations in Mathias's complaint are contradicted by her declaration.

Consequently, Mathias failed to establish a *prima facie* case for her claims and, therefore, failed to establish that default judgment is appropriate, here.    *See generally*, *Danning*, 572 F.2d at 1388.

Accordingly,

It is Ordered that the motion for default judgment be, and hereby is, Denied.

Date: April 14, 2021

Terry J. Hatter, Jr.
Senior United States District Judge